CONTINENTAL FEDERAL SAVINGS & LOAN ASSOCIATION, a corporation, Plaintiff,

v.

DELTA CORPORATION OF AMERICA, a corporation, Defendant.

No. CIV–75–0630–D.

United States District Court, W. D. Oklahoma.

July 23, 1976.

John T. Spradling, George S. Corbyn, Jr., Stephen P. Friot, Oklahoma City, Okl., for plaintiff.

Howard F. Heffron, Jack L. Freeman, David N. O'Brien, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This action was brought on an alleged breach of contract. The action was tried to a jury and on July 25, 1976 the jury rendered its verdict in favor of Plaintiff in the amount of $28,968.87. Judgment in that amount has been entered by this Court in favor of Plaintiff.

Plaintiff now has filed a Motion To Amend Judgment To Provide For Pre-Judgment Interest and Post Judgment Interest pursuant to Rules 59 and 60, Federal Rules of Civil Procedure. Defendant has responded thereto. This Motion is proper under Rule 59, *supra,* and is determined as follows:

### Pre-Judgment Interest

█ In a diversity action State law controls the right to recover pre-judgment interest. *Kinsella v. Leonard,* 415 F.2d 574 (Tenth Cir. 1969). The applicable Oklahoma law, 23 Okl.Stat.1971 § 6 provides that:

> Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt.

The Oklahoma Courts have interpreted 23 Okl.Stat.1971 § 6 to allow pre-judgment interest where the amount of damages is easily ascertainable but not "where a trial is necessary in order to ascertain the amount due." *Smith v. Owens,* 397 P.2d 673 (Okl.1965).

█ Plaintiff argues that the amount of recovery was "capable of being made certain by calculation" as the testimony of Elizabeth Thorpe and the summary prepared by her demonstrated the damages at $28,968.87, the amount that was awarded the Plaintiff by the jury.

The Defendant responds by alleging that the amount prayed for by Plaintiff was an arbitrary figure derived from a source other than the provisions of the written contract. Defendant argues that the method for calculating recovery was disputed and not determined prior to the jury's verdict.

Looking to the record of the trial this Court finds that the method of computing the recovery was in dispute. At trial Plaintiff maintained that the damages should be computed on a pro-rata basis giving a recovery in the amount of $28,968.87. Defendant argued that the damages should be computed on the basis of the Rule of 78 to give a recovery of $16,337.56. This Court instructed the jury to make the determination as to what method of computation should be followed.

This Court finds that the amount of recovery was in dispute and not determinable prior to the verdict of the jury. Accordingly Plaintiff's Motion To Amend Judgment is overruled as to pre-judgment interest.

### Post-Judgment Interest

28 U.S.C. § 1961 provides that interest shall be allowed on money judgments in civil cases and that the rate of interest shall be the rate of interest allowed by State law. The applicable Oklahoma law, set forth in 12 Okl.Stat.1971 § 727 provides for post-judgment interest at the rate of 10% per annum from the date of rendition of the judgment. Defendant has not objected to an award of post-judgment interest pursuant to this Motion.

This Court finds Plaintiff entitled to post-judgment interest at the rate of ten percent (10%) per annum on the judgment entered, $28,968.87, said interest to accrue from the date of the judgment, July 25, 1976. The Clerk is directed to amend the Judgment to this effect.