

John Gent, Erie, Pa., for plaintiffs.

John Beatty, Erie, Pa., for defendants.

Donald Bebenek, Pittsburgh, Pa., Charles D. Marlett, Erie, Pa., for third party defendant.

Harold JARVIS, et ux

v.

Raymond E. JOHNSON et al.

v.

Lois E. GILLETTE.

Civ. A. Nos. 79–2, 79–99 Erie.

United States District Court,
W. D. Pennsylvania.

May 28, 1980.

## MEMORANDUM

KNOX, District Judge.

We have a case here where the jury has found verdicts in favor of the plaintiffs in the amount of $72,750, $67,750 being entered in favor of plaintiff Harold L. Jarvis. The court reduced the verdict in his favor by $15,000 pursuant to the Pennsylvania no fault law, leaving a net award of $52,750 which, added to the $5,000 awarded his wife, gives a total amount involved of $57,750. Plaintiff, on April 1, 1980, the day after the verdict on March 31, 1980, filed a motion to amend judgment to add damages for delay from October 16, 1979.

Plaintiff's motion to amend was filed pursuant to Rule 238 Pa.R.C.P.

Subdivision (f) of Rule 238 is the portion applicable here and reads as follows:

"If an action is pending on the effective date of this rule, or if an action is brought after the effective date on a cause of action *which accrued prior to the effective date, damages for delay shall be computed from the date plaintiff files the initial complaint* or from a date one year after the accrual of the cause of action, or from a *date six (6) months after the effective date* of this rule, whichever date is later."

This rule was adopted by the Pennsylvania Supreme Court on November 20, 1978, effective 120 days after December 16, 1978, which would make it effective April 15, 1979. Subdivision (f) is only applicable from a date 6 months after the effective date of the rule and it is agreed by all parties that October 16 is the date from which damages for delay are to be calculated.

Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we apply the rule that the substantive law of Pennsylvania controls as to substantive matters whereas the procedural aspects of a case are governed by the federal rules. *Royal Indemnity Co. v. Petrozzino*, 598 F.2d 816 (3d Cir. 1979).

In other words, if Rule 238(f) is a procedural matter, Pennsylvania State practice does not control in federal courts where our procedure is governed by federal rules except where specific reference is made to application of a state rule. *See Firich v. American Cystoscope Makers Inc.*, 482 F.Supp. 1043 (W.D.Pa.1980).

It will be noted that Mr. Justice Roberts did not join in the court's order promulgating Rule 238 being of the view that this was a matter of substantive law and not procedural. However, this may be, a majority of the court did adopt this rule and apparently consider it as a procedural matter to remove delays and log jams in the Pennsylvania State courts and this is stated as the reason for adoption of the rule by Goodrich Amram 2d § 238.1. If so, it clearly has no application to the federal courts who have their own rules and devices to ease congestion.

In Article 5, Section 10(c), Pennsylvania's recently adopted revised constitution, it is provided as follows:

"The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, justices of the peace and all officers serving process or enforcing orders, judgments or decrees of any court or justice of the peace, including the power to provide for assignment and reassignment of classes of actions or classes of appeals among the several courts as the needs of justice shall require, . . ."

These powers are in line with the original Pennsylvania Procedural Rules Act of 1937 empowering the Supreme Court to promulgate rules governing practice and procedure in the various courts of the state.

It is apparent that the court by its vote on adoption of the rules has indicated that Rule 238(f) is a rule of procedure and is designed to ease congestion in the Pennsylvania State courts. If so, it is not applicable in federal courts. If, on the other hand, it is a substantive matter, the rule itself would be unconstitutional in violation of the Pennsylvania Constitution. We do not propose to hold this rule unconstitutional in violation of the state constitution of which the Pennsylvania Supreme Court is the guardian and having already voted by its adoption of the rule to indicate that it holds that it is a matter of practice and procedure.

Since it is a matter of practice and procedure and not substantive law, we decline to give this rule effect in federal court.

We are aware that there is an action pending in the Eastern District which may involve the constitutionality of the rule under the United States Constitution, but this matter has not been raised in this case and is therefore not discussed.