Jennifer **RENNER**, a minor, by her parent and natural guardian, Patricia Renner and Patricia Renner in her own right

v.

Martin and Mary **LICHTENWALNER**.

Civ. A. No. 78-3219.

United States District Court,
E. D. Pennsylvania.

May 6, 1981.

---

Hy Mayerson, Spring City, Pa., for plaintiff.

Joseph Bodell, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Following a four-day trial, a jury awarded damages to the minor plaintiff in the amount of twenty thousand dollars for injuries resulting from an attack upon her by defendants' dog. Plaintiffs now move to amend the judgment in accordance with Pa.R.Civ.P. 238 (Rule 238), which provides in relevant part that where defendant unreasonably refuses a settlement offer

(a) [i]n an action seeking monetary relief for bodily injury ... the court ... *shall* (1) add to the amount of compensatory damages in the ... verdict of the jury ... damages for delay at ten (10) percent ... which shall become part of the verdict. (emphasis added)

*See also* Fed.R.Civ.P. 59(e). Defendants resist the motion on the theory that the provisions of Rule 238 are "procedural guidelines" and therefore "inapplicable" in a federal court.

■ Pennsylvania's Rule 238 seeks to encourage the prompt and equitable settlement of claims for personal injuries by imposing upon the defendant the obligation to engage in good faith settlement negotiations. The rule enhances plaintiff's right to be compensated *promptly without resort to* the full spectrum of lengthy and costly litigation. Where a plaintiff's ultimate recovery exceeds one hundred twenty-five percent of a reasonable demand Rule 238 penalizes defendants with interest at ten percent, which accrues from the date of the refusal to settle. *See Marrazzo v. Scranton Nehi Bottling Co.*, 438 Pa. 72, 76, 263 A.2d 336 (1970). Section (e) of the rule further delineates a number of conditions which must be satisfied prior to the award of additional damages for delay. The parties do not dispute that these prerequisites for recovery have been met.

■ Whether Rule 238 applies to diversity actions requires reference to the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny. In *Hanna v. Plumer*, 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965), the court directed that

[c]hoices between state and federal law [should] be made, not by application of any automatic, 'litmus paper' criterion, but rather by reference to the policies underlying *Erie.*

*See also Roesberg v. Johns-Manville Corp.*, 89 F.R.D. 63 (E.D.Pa.1981). Labeling Rule 238 as "procedural" or "substantive" fails to address *Erie's* policies and effect upon diversity litigation. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), *Edelson v. Soricelli*, 610 F.2d 131, 133 (3d Cir. 1979). Clearly, *Erie* provides diversity litigants with an impartial forum, not a different set of legal rules governing the *merits* of the dispute. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 164 (3d Cir. 1976). The twin aims

of *Erie*, discouragement of forum shopping and minimizing the possibility of results varied by the mere fortuity of diversity, compels the conclusion that plaintiff may claim Rule 238 damages in a federal forum applying Pennsylvania law. *See Hanna v. Plumer*, 380 U.S. at 468, 85 S.Ct. at 1142, *Erie Railroad Co. v. Tompkins*, 304 U.S. at 74–76, 58 S.Ct. at 820–821. A contrary result would weaken *Erie's* first goal, discouragement of forum shopping, since state defendants, where diversity exists, could avoid the obligations and potential liabilities imposed by Pennsylvania law by removing the action to federal court. *See* 28 U.S.C. § 1441. Moreover, denying diversity plaintiffs damages for delay while their state counterparts may obtain them derogates from *Erie's* second goal, avoiding the harshness of disparate results between federal and state courts within the same state adjudicating similar claims.

The accrual of pre-judgment interest is a matter of law which federal courts are bound to follow, *Roy v. Star Chopper Co.*, 584 F.2d 1124, 1135 (1st Cir. 1978), *cert. denied*, 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1980), *Nedd v. United Mine Workers of America*, 488 F.Supp. 1208, 1212 (M.D.Pa.1980), and punitive damages, a matter of substantive law, must be determined by reference to state law. *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1205 n. 7 (4th Cir. 1979). If plaintiff had pressed her claim in state court, Pennsylvania law would entitle her to Rule 238 damages; her treatment as a diversity plaintiff should be no different. Accordingly, Rule 238 damages are available to plaintiff and an appropriate order amending the judgment heretofore entered will be issued.