Edward A. BULLINS, Sr., Ind. and as Administrator of the Estate of Edward A. Bullins, Jr.

v.

CITY OF PHILADELPHIA.

Civ. A. No. 79–84.

United States District Court,
E. D. Pennsylvania.

June 22, 1981.

Daniel J. Ryan of LaBrum & Doak, Philadelphia, Pa., for plaintiff.

Mark Jurikson, Deputy City Sol., Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

In this diversity case plaintiff won a judgment against defendant in the amount of $201,792.40 under the Pennsylvania Wrongful Death and Survival statutes. Pennsylvania law governs the substantive rights of the parties. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Plaintiff now moves to amend the judgment to add prejudgment interest as provided by Pennsylvania Rule of Civil Procedure 238.[1] Rule 238 provides:

(a) Except as provided in subdivision (e), in an action seeking monetary relief for ... death ... the court ... shall

(1) add to the amount of compensatory damages in the ... verdict ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision

....

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until the commencement of trial, but the offer is not accepted and the plaintiff does not recover by ... verdict ... exclusive of damages for delay, more than 125 percent of the offer, the court ... shall not award damages for delay for the period after the date the offer was made.

(f) If an action is pending on the effective date of this rule ... damages for delay shall be computed from the date plaintiff files the initial complaint or from a date one year after the accrual of the cause of action, or from a date six (6) months after the effective date of this rule whichever date is later.

Pa.R.Civ.P. 238. Both parties agree that, if the rule applies, plaintiff is entitled to the amendment he seeks.[2] However, defendant argues that rule 238 does not apply in federal court because it is procedural not substantive.

The general rubric is that although state law governs substantive matters in diversity cases, under *Erie*, federal law governs procedural matters. "It was decided in [*Erie*] that the federal courts in diversity cases must respect the definition of state-created rights and obligations by the state courts." *Byrd v. Blue Ridge Rural Electric Cooperative, Inc.*, 356 U.S. 525, 535, 78 S.Ct. 893, 899, 2 L.Ed.2d 953 (1958). However, where a requirement is merely a form and mode of enforcing a right or obligation and is not bound up with the definition of the right or obligation, federal rules control. *Id.* at 536, 78 S.Ct. at 900. The issue here is whether rule 238 is in every sense simply a procedural device to decongest Pennsylvania court dockets, as defendant argues, or, as plaintiff contends, is part of a remedy created to enforce the rights of parties under the substantive law of Pennsylvania in death cases.

The terms "substance" and "procedure" are common shorthand for lawyers and the courts, but

---

1. The Pennsylvania Supreme Court promulgated rule 238. A lower Pennsylvania court has held the rule invalid under the state constitution. *Laudenberger v. Port Authority*, No. GD 78–5062 (C.P. Allegheny Co. July 25, 1980), *appeal docketed*, No. 80–1–160 (Pa. Aug. 15, 1980). However, when *Erie* requires application of state law, it is the law declared by the state legislature or the state's highest court. Thus, I am bound by the declaration of the Pennsylvania Supreme Court in issuing rule 238, not by the lower court ruling.

2. The complaint was filed January 9, 1979; the cause of action accrued August 24, 1978. The rule was effective April 15, 1979, at which time the case was pending. Defendant made no written offer of settlement. Defendant's verbal offer of $75,000 was withdrawn one day before trial. If the rule applies, plaintiff is entitled to interest at ten (10) percent per annum, not compounded, from October 16, 1979 to February 23, 1981, on the judgment amount.

it is now clear that no simple dichotomy between substance and procedure will determine the issues on which state law is to control .... A particular issue may be classified as substantive or procedural in determining whether it is within the scope of the court's rule making power, or in resolving questions of conflict of laws, or in determining whether to apply state law or federal law. These are three very different kinds of problems. Factors that are of decisive importance in making the classification for one purpose may be irrelevant for another.

C. A. Wright, Law of Federal Courts 272 (3d ed. 1976). At a glance, it appears that rule 238 is bound up with the definition of the substantive rights of the parties. Indeed, a vast number of cases from federal district courts and circuit courts of appeals apply state prejudgment interest rules in diversity cases under the *Erie* doctrine. *See, e. g., Clissold v. St. Louis-S. F. Ry.*, 600 F.2d 35 (6th Cir. 1979); *Plantation Key Developers, Inc. v. Colonial Mortgage Co.*, 589 F.2d 164 (5th Cir. 1979); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 480 F.Supp. 1280 (N.D.Ill. 1979), *aff'd*, 644 F.2d 633 (7th Cir. 1981); *Continental Federal Savings & Loan Association v. Delta Corp. of America*, 425 F.Supp. 371 (W.D.Okl.1976).

■ The Third Circuit has upheld application of a virtually identical New Jersey rule of civil procedure to diversity actions. *Huddell v. Levin*, 395 F.Supp. 64 (D.N.J. 1975), *rev'd on other grounds*, 537 F.2d 726 (3d Cir. 1976). *See also Glick v. White Motor Co.*, 458 F.2d 1287 (3d Cir. 1972). The purpose of the New Jersey rule was held to be compensatory, to provide plaintiffs with damages for delay as part of their substantive rights. That the rule was also intended to encourage settlements and increase the efficiency of the court system did not make it procedural for the purposes of *Erie*. An increased efficiency and expedition in the disposition of lawsuits alone is not really an end in itself. The real substantive consideration is to encourage the prompt award of merited and sometimes economically required compensation by a wrongdoer to a victim.

However, in *Jarvis v. Johnson*, 491 F.Supp. 389 (W.D.Pa.1980) the court held that rule 238 is procedural and inapplicable in federal diversity cases under the *Erie* doctrine. With respect, I suggest that *Jarvis* confused two "very different kinds of problems." Wright, *supra*, at 272. One problem is whether rule 238 is procedural or substantive for the purpose of determining the Pennsylvania Supreme Court's power to issue the rule under the Pennsylvania Constitution. *Jarvis* held it was procedural for this purpose. This, however, does not provide the answer to the question of whether the rule is bound up with the definition of the substantive rights of the parties needed for the *Erie* determination. The purposes of the *Erie* doctrine are to end discrimination against citizens by non-citizens and to discourage forum shopping. *Hanna v. Plumer*, 380 U.S. 460, 467, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965). Application of rule 238 to federal diversity cases will serve both goals. It will avoid the "harshness of disparate results between federal and state courts within the same state adjudicating similar claims." *Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa.1981) (upholding application of rule 238 to federal diversity case). I therefore hold rule 238 applies here under *Erie*.

■ Defendant argues that if rule 238 is substantive, then it violates the Pennsylvania Constitution. Defendant relies on *Laudenberger v. Port Authority*, No. GD 78–5062 (C. P. Allegheny Co. July 25, 1980), *appeal docketed*, No. 80–1–160 (Pa. Aug. 15, 1980), which held rule 238 invalid under the Pennsylvania Constitution because it *is* substantive. *Laudenberger* held that since the Pennsylvania Supreme Court has authority under the state constitution to issue only procedural rules which do not abridge, enlarge, or modify substantive rights of any litigant, Pa.Cons. Art. 5, § 10(c), it had no authority to promulgate substantive rule 238. Like *Jarvis*, defendant has failed to recognize that a state rule of law may be "substantive" "in determining whether to

apply state law or federal law", Wright, *supra* at 272, and at the same time be "procedural" "in determining whether it is within the scope of the court's rule making power". *Id.*

Obviously, as of this time, the Pennsylvania Supreme Court has concluded that rule 238 fell within its rule making power. It would constitute an unseemly disregard of notions of federalism for me to say that it did not, especially when that very question is now *sub judice* in the Pennsylvania Supreme Court. Such deference, however, is no impediment to my conclusion that the rule is substantive "in determining whether to apply state or federal law." Wright, *supra.* In so concluding, I am trespassing on no ground occupied by the state's highest court.

■ Defendant also argues that rule 238 violates the equal protection clause of the fourteenth amendment to the United States Constitution. *See Laudenberger, supra* (rule 238 unconstitutionally denies equal protection to defendants). This issue is also before the Pennsylvania Supreme Court in *Laudenberger.*

I am confronted squarely with a federal constitutional challenge to rule 238. Whether I should abstain from deciding it, given the posture of *Laudenberger* in the Pennsylvania Supreme Court, is a vexing question. On the one hand, if the Pennsylvania Supreme Court finds rule 238 invalid under state law, my resolution of the federal constitutional issue will be unnecessary. Abstention, then, would conform with the firmly established principle of avoiding unnecessary decisions on constitutional questions. *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

On the other hand, I have no means of knowing when the Pennsylvania Supreme Court will reach a decision in *Laudenberger.* Neither party here has requested abstention. Abstention would further delay plaintiff's receipt of the judgment in his favor. Defendant would be penalized by interest on the judgment mounting up during the delay. Under these circumstances,

and because I find so little merit to defendant's argument, I will not abstain from reaching the federal issue. *Cf. Hostetter v. Idlewild Liquor Corp.*, 377 U.S. 324, 84 S.Ct. 1293, 12 L.Ed.2d 350 (1964) (refusal to abstain not error where neither party requested abstention, litigation had been long delayed, and federal decision would not disrupt an entire state regulatory scheme).

■ A classification is valid under the fourteenth amendment where it is "reasonable, not arbitrary, and [rests] upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced shall be treated alike." *Reed v. Reed*, 404 U.S. 71, 76, 92 S.Ct. 251, 254, 30 L.Ed.2d 225 (1971) *quoting Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). *Laudenberger* held that in allowing awards of "damages for delay" in the form of prejudgment interest to plaintiffs and not to defendants, rule 238 constituted an unfair classification not reasonably related to the object of improving efficiency of the judicial system.

However, plaintiffs and defendants are not similarly situated for purposes of rule 238. The rule compensates plaintiffs for delay in receiving compensation for tortious wrongs. Plaintiffs are compensated only where the delay is caused by defendant's failure to make a reasonable settlement offer. The defendant, in contrast, suffers no wrong—the defendant is not a victim of a tort; delay deprives the defendant of no compensation owed by the plaintiff.

Defendants have much to gain by delaying litigation in the absence of a prejudgment interest penalty. Plaintiffs have nothing to gain by such delays. Awarding prejudgment interest to successful plaintiffs and not defendants is rationally related to the purposes of rule 238—discouragement of delays and compensation to plaintiffs suffering them. Where a delay is attributable to the plaintiff's rejection of a reasonable settlement offer by the defendant, the rule proscribes an award of prejudgment interest. Such a plaintiff is not

entitled to damages for that delay. Rule 238 makes no arbitrary classification between similarly situated persons unrelated to the reasonable object of the rule.

I will grant plaintiff's motion to amend the judgment to include prejudgment interest.