**Raymond MAIER**

v.

**William PATTERSON, et al.**

**Civ. A. No. 77–3635.**

United States District Court,
E. D. Pennsylvania.

Aug. 7, 1981.

Harry D. Shargel, Philadelphia, Pa., for plaintiff.

Sol H. Weiss, Anapol, Schwartz & Weiss, Philadelphia, Pa., for defendant William Patterson.

## MEMORANDUM

GILES, District Judge.

Plaintiff moves "to add damages for delay"[1] to a judgment entered thirty-one days before service of the motion.[2]

 Defendant Patterson contends that as a motion to amend the judgment, it is untimely under Fed.R.Civ.Pro. 59(e).[3] Plaintiff, citing *Bullins v. City of Philadelphia*, 516 F.Supp. 728 (E.D.Pa.1981), argues that Rule 59(e) does not apply. He misreads *Bullins*. There, plaintiff moved "to amend the judgment," *id.*, at 728, and the record reveals that the motion was served nine days after entry of judgment.[4] Because plaintiff Maier gives no federal procedural authority as an alternative basis for

---

1. Pa.R.Civ.Pro. 238 (Purdon supp. 1981–82) provides for 10% "delay damages." Whether this rule should apply in federal court is a disputed question now under advisement before the Third Circuit. *Jarvis v. Johnson*, 491 F.Supp. 389 (W.D.Pa.1980) (does not apply in federal court) *appeal docketed*, No. 80–1951 (3d Cir. June 27, 1980) (argued November 6, 1980). *Contra Bullins v. City of Philadelphia*, 516 F.Supp. 728 (E.D.Pa.1981); *Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa.1981).

2. The judgment was entered on June 19, 1981, while the motion was served on July 20, 1981.

3. Defendant also argues that Rule 238 is inapplicable on the facts because two years ago, he verbally offered to settle the claim for an amount larger than the eventual verdict. This argument is meritless because Rule 238(e) provides an exception only when an offer is in writing and continued until trial.

4. The *Bullins* judgment was entered on February 24, 1981, while the motion to amend was served on March 5, 1981.

his motion, I shall treat it as "a motion to alter or amend the judgment" under Fed.R. Civ.Pro. 59(e). *See McDevitt v. Transamerica Airlines, Inc.*, No. 79–3074, slip op. at 2 (E.D.Pa. Nov. 4, 1980). Such a motion must be served "no later than 10 days after entry of the judgment." Fed.R.Civ.Pro. 59(e). The court may not enlarge this time period. Fed.R.Civ.Pro. 6(b). Thus, the motion is untimely and must be denied. *See Larsen v. IBM Corp.*, 87 F.R.D. 602, 604–05 (E.D. Pa.1980) (motion to add delay damages 46 days after judgment denied as untimely); *cf. McDevitt, supra* (letter requesting delay damages to arbitration award after expiration of time to demand trial *de novo* denied as untimely.) [5]

---

**5.** Alternatively, if the motion could be construed as one for relief from judgment under Fed.R.Civ.Pro. 60(b), it is denied on the grounds that plaintiff has failed to show any reason listed in Rule 60(b)(1)–(6), and Rule 60(b) is an inappropriate vehicle for amendment. *Larsen*, 87 F.R.D. at 604–05.