**Eric OSBORNE, a minor, by his parents and natural guardians, Linda Osborne and Thomas Osborne, and Linda Osborne and Thomas Osborne, in their own right, Plaintiffs,**

v.

**Norman BAKER, D.O., Joseph John Cutry, M.D., Charles Cole Memorial Hospital, Celso L. Backes, M.D., Maple Avenue Hospital, David Buffone, M.D., and William J. Siar, M.D., Defendants.**

Civ. A. No. 80–1827.

United States District Court,
W. D. Pennsylvania.

Dec. 3, 1981.

Barton A. Haines, Philadelphia, Pa., Charles E. Evans, Sikov & Love, Pittsburgh, Pa., for plaintiffs.

James A. Wood, Pittsburgh, Pa., for defendants Baker and Cutry.

Donald W. Bebenek, Paul K. Vey, Pittsburgh, Pa., for defendant Maple Avenue Hospital.

Roger Curran, Rose, Schmidt, Dixon & Hasley, Pittsburgh, Pa., for defendant Backes.

George M. Weis, Weis & Weis, Pittsburgh, Pa., and Daniel R. Milliard, Coudersport, Pa., for defendant Charles Cole Memorial Hospital.

William D. Phillips, Washington, Pa., for defendant Buffone.

Herbert Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant Siar.

## MEMORANDUM

MARSH, District Judge.

A complaint in the above entitled diversity medical malpractice case was filed in the District Court for the Eastern District of Pennsylvania on October 10, 1980. On motion by some of the defendants, the case was transferred to this district. A jury trial began in this court on September 8, 1981. The jury returned a special verdict on October 6, 1981. On October 7, 1981, judgments were entered in favor of the plaintiffs and against the defendants, Maple Avenue Hospital, David Buffone, M.D. and William J. Siar, M.D. The other defendants were exonerated.

On November 6, 1981, plaintiffs filed a Motion to Add "delay damages" pursuant to the Pennsylvania Rule of Civil Procedure 238 which was adopted by the Supreme Court of Pennsylvania on November 20, 1978, effective 120 days after December 6, 1978. The Rule provides, inter alia, that:

"[I]n an action seeking monetary relief for bodily injury ... the court ... shall (1) add to the amount of compensatory damages ... in the verdict of the jury ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict ...; (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... verdict ....

"(c) ... [D]amages for delay shall be added to the ... verdict ... against all defendants found liable, no matter when joined in the action."

In *Jarvis, et ux., v. Johnson, et al.*, 491 F.Supp. 389 (W.D.Pa.1980), the court held that Rule 238 was procedural and not substantive law and declined to give Rule 238 any effect.[1]

In *Laudenberger v. Port Authority of Allegheny County*, —— Pa. ——, 436 A.2d 147 (1981), the Supreme Court of Pennsylvania held that Rule 238 was procedural and constitutional.

In the Eastern District of Pennsylvania, in the case of *Renner v. Lichtenwalner*, 513

---

1. Since *Jarvis*, I am not aware of any personal injury case in this district which awarded "delay damages" under Rule 238, the judges agreeing with *Jarvis* that the rule was procedural and the federal courts were not bound by it.

F.Supp. 271 (E.D.Pa.1981), the court added damages for delay to the verdict in favor of the plaintiff in a diversity action.[2]

In the case of *Bullins v. Philadelphia*, 516 F.Supp. 728 (E.D.Pa.1981), "delay damages" were granted to plaintiff under Rule 238.

The district courts relied on *Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

As stated in *Renner, supra*, at p. 272: "Labeling Rule 238 as 'procedural' or 'substantive' fails to address *Erie*'s policies and effect upon diversity litigation. (Citations omitted.) Clearly, *Erie* provides diversity litigants with an impartial forum, not a different set of legal rules governing the merits of the dispute. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 164 (3d Cir. 1976). The twin aims of *Erie*, discouragement of forum shopping and minimizing the possibility of results varied by the mere fortuity of diversity, compels the conclusion that plaintiff may claim Rule 238 damages in a federal forum applying Pennsylvania law. (Citations omitted.) A contrary result would weaken *Erie*'s first goal, discouragement of forum shopping, since state defendants, where diversity exists, could avoid the obligations and potential liabilities imposed by Pennsylvania law by removing the action to federal court. See 28 U.S.C. § 1441. Moreover, denying diversity plaintiffs damages for delay while their state counterparts may obtain them derogates from *Erie*'s second goal, avoiding the harshness of disparate results between federal and state courts within the same state adjudicating similar claims.

"*The accrual of pre-judgment interest is a matter of law which federal courts are bound to follow ....*" (Citations omitted.) (Emphasis added.)

In *Huddell v. Levin, et al.*, 395 F.Supp. 64 (D.C.N.J.1975), it appears that the district court in a diversity action involving wrongful death upheld a similar rule of civil procedure promulgated by the Supreme Court of New Jersey, i.e., Rule of Court 4:42–11(b). Although the judgment in favor of the plaintiff was vacated, the Court of Appeals held that it was permissible for the district court to impose pre-judgment interest in accordance with Rule 4:42–11(b). *Huddell v. Levin*, 537 F.2d 726, 742–3 (3rd Cir. 1976).[3]

In my opinion under the *Erie* doctrine, a federal court must apply "delay damages" to a jury verdict in a diversity case pursuant to Rule 238.

It is apparent that the basic aim of Rule 238 is to lessen delay in the disposition of cases. There was no delay in this case against five doctors and two hospitals. If Rule 238 were discretionary, the delay damages would be denied.

An appropriate order will be entered.

---

**2.** At p. 272 in *Renner*, the court, quoting Rule 238, stated: "See also Fed.R.Civ.P. 59(e)." Rule 59(e) provides:

"A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

None of the defendants have objected that the motion was untimely [not having been brought within 10 days under Rule 59(e)]. The plaintiffs' Motion to Add "delay damages" was

filed on November 6, 1981, 30 days after judgments were entered, and a proposed order under Rule 238 was received November 13, 1981. The defendants did not object to the calculations contained in the order.

**3.** See also *Busik v. Levine*, 63 N.J. 351, 307 A.2d 571 (1973), in which the Supreme Court of New Jersey upheld its procedural rule 4:42–11(b) imposing pre-judgment interest.