## J., K. & B., Inc. v. Miller

*Thomas A. Ehrgood,* for plaintiff.
*Wiley P. Parker and James F. Carl,* for defendants.

GATES, *P.J.* March 11, 1982—This matter is before us on plaintiff's motion to mold a verdict in accordance with Pa.R.C.P. 238.

On December 17, 1980, plaintiff filed a complaint in trespass and assumpsit to obtain insurance proceeds as a result of a barn fire. Prior to the fire, the coverage on the subject barn was $32,000. Due to substantial improvements plaintiff's agent called Richard S. Miller, agent for Penn Central Mutual Insurance Company, requesting an increase of coverage to $132,000. The agent informed plaintiff that the coverage was effective immediately. Due to a comedy of errors, plaintiff only learned the day after the fire that the insurance company declined the increased coverage. However, at the close of all the testimony, we directed a verdict in favor of plaintiff and against defendant in the assumpsit action fixing the coverage at $132,000, withdrawing the trespass action from the jury's consideration and submitting the issue of the extent of plaintiff's damages to the jury.

On January 21, 1982, the jury returned a verdict in favor of plaintiff in the sum of $125,000 against

both defendants. Thereafter, plaintiff filed the instant motion to mold the verdict in accordance with Pa.R.C.P. 238 by adding penalty interest at the rate of ten percent to the difference between the settlement offer of $90,000 and the jury's verdict of $125,000.

Defendants resist the motion contending that Pa.R.C.P. 238 does not apply to assumpsit actions. We agree.

Rule 238 is titled "AWARD OF DAMAGES FOR DELAY IN AN ACTION FOR BODILY INJURY, DEATH OR PROPERTY DAMAGE."

It states, in pertinent part:

"(a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage, or any combination thereof, the court . . . shall

"(1) add to the amount of compensatory damages in the award of the arbitrators, in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the award, verdict or decision; . . . "

This lawsuit is in the nature of a breach of contract. Plaintiff requested increased coverage to $132,000 and the Penn Central Mutual Insurance Company's agent Richard S. Miller agreed to the increased coverage effective immediately. Penn Central's theory at trial was that Miller was not authorized to bind the company for any risk in excess of $50,000. However, those secret instructions were not binding on plaintiff. As noted earlier we directed a verdict in favor of plaintiff and against defendants and fixed the amount of coverage at $132,000. The only issue for the jury was to determine the extent of damages.

Rule 238 was not received enthusiastically by insurance companies or trial lawyers. It appears constitutionally vulnerable in several areas. Anderson Pennsylvania Civil Practice, Vol. 2 at pg. 16 of the pocket part discusses the constitutional vulnerability from an equal protection standpoint since the rule is limited to physical harm cases and not applicable to assumpsit actions. Thus a leading authority recognizes the limited application of the rule.

In Bullins v. City of Philadelphia, 516 F.Supp. 728 (1981) Chief Judge Joseph S. Lord filed a memorandum opinion holding that Pennsylvania Rule of Civil Procedure 238 was to be considered as "substantive law," rather than procedural law, for diversity purposes. Further, he held that the rule did not deny equal protection under the United States Constitution. In his opinion he notes, at page 731: " . . . The rule compensates plaintiffs for delay in receiving compensation for tortious wrongs. . . ."

Shortly after Judge Lord's memorandum opinion, the Pennsylvania Supreme Court in Laudenberger v. Port Authority of Allegheny County, (et al.), 496 Pa. 52, 436 A. 2d 147 (1981), held that Rule 238 has merely a collateral effect on substantive rights and is not unconstitutional as exceeding the constitutional rule-making authority of the court. It further held that the rule violates neither the Equal Protection nor the Due Process clauses.

In analyzing Laudenberger, in plaintiff's brief, we are told: " . . . The only reference in the Laudenberger case to anything concerning claims occurs at Page 151 when the Court states 'The restrictions placed on the Pennsylvania Rule encourage early disposition of tort litigation in a way that the New Jersey Rule does not . . . ' Nowhere else in the opinion is there any reference to tort liability solely."

We read Laudenberger differently. At page 149, Chief Justice O'Brien notes:

". . . In order to determine if this Court did indeed over-extend its authority, we must review the above rule and decide whether it 'abridges, enlarges, or modifies' any substantive rights or if the rule governs elements of practice and procedure in *tort* cases." (Emphasis added.)

In referring to the New Jersey Rule 4:42-11 at two places on Page 151 it is clear that the New Jersey Rule, like the Pennsylvania Rule, is applicable only in tort actions.

At page 154 in Laudenberger Mr. Justice O'Brien again notes the rule's limitation to tort actions in the following:

"The rule undeniably imposes an additional duty upon defendants in the form of prejudgment interest. But what is the essence of this duty? Rule 238 provides compensation to a plaintiff for delay in receiving the monetary damages owing as a result of a defendant's *tort*. This serves to indemnify the plaintiff for the money he would have earned on his award if he had promptly received it. Such an idea was often followed in cases concerning liquidated damages and breach of contract cases." (Emphasis added.)

Turning to page 157 of the Laudenberger opinion, Mr. Justice O'Brien again declares:

"As seen above, the application of the equal protection standard to Rule 238 requires that the substance of the Rule bear a rational relation to the goal of encouraging settlement offers in *tort litigation*. . . ." (Emphasis supplied.)

Even Mr. Justice Roberts, who wrote a dissenting

opinion, recognizes, at page 161, that the Rule is applicable only to trespass litigants.

We concede that the issue was not directly before the court in the Laudenberger case but it is apparent from even a casual reading of it that the rule is applicable only in tort actions for bodily injury, death or property damages. It is inapplicable to assumpsit actions for breach of contract. These defendants did no damage to plaintiff's property. They did breach their coverage agreement.

Consequently, we shall direct counsel to submit a motion to mold the verdict in accordance with the foregoing opinion without consideration of ten percent delay damages.

## ORDER

And now, March 11, 1982, plaintiff's motion to mold the verdict in accordance with Pa.R.C.P. Rule 238 is refused and counsel is directed to submit a motion to mold the verdict without consideration of the ten percent delay damages under Pa.R.C.P. 238.