Harold D. HAYDEN

v.

SCOTT AVIATION, INCORPORATED,
Appellant.

No. 82–3055.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
July 26, 1982.

Decided Aug. 4, 1982.

peals from a judgment awarding $300,000 in compensatory damages for personal injury and $38,547.93 in delay damages. Liability was conceded. Scott presents only one contention on appeal which requires discussion.[1]

Judgment was entered on the jury verdict on January 28, 1981. On May 29, 1981, while the Scott motion for a new trial was pending, the plaintiff Harold Hayden moved to amend the judgment to provide for the award of delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure. Scott concedes that in a diversity case the Pennsylvania delay damages rule applies. *See Jarvis v. Johnson,* 668 F.2d 740 (3d Cir. 1982). Scott contends, however, that Hayden's motion for inclusion of delay damages in the judgment was untimely under Fed.R.Civ.P. 59(e), which provides:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Hayden contends that Rule 59(e) does not apply. Rather, he urges, his motion was brought pursuant to Fed.R.Civ.P. 60(a), which provides in pertinent part:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party after such notice . . . .

The district court held that Rule 60(a) governed, and we agree.

*Jarvis v. Johnson,* holds that Pennsylvania Rule of Civil Procedure 238 applies in diversity cases. The rule provides that "[i]n an action seeking monetary relief for bodily injury, death, or property damage . . . the court . . . shall (1) add to the amount of compensatory damages . . . in the verdict of a jury . . . damages for delay

---

Christopher C. Fallon, Jr., Susan M. Danielski, Cozen, Begier & O'Connor, Philadelphia, Pa., for Scott Aviation, Inc.

James E. Beasley, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle, Philadelphia, Pa., for Harold Hayden.

Before GIBBONS and HUNTER, Circuit Judges, and LORD,* District Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In this diversity product liability case the defendant Scott Aviation, Inc. (Scott) ap-

---

* Hon. Joseph S. Lord, III, Chief Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. Scott also contends (1) that the district court abused its discretion in denying its motion for a new trial or a remittitur because the $300,000 award was excessive; and (2) that the district court erred in refusing its requested charge on the duty to mitigate damages. We find no merit in these contentions.

at ten (10) percent per annum not compounded, which shall become part of the award...." Pa.R.Civ.Pro. 238 (Purdon Supp. 1981–82). Under Rule 238 there is no room for the exercise of discretion, and the computation, after a verdict, is a simple clerical matter. No factfinding is required, or indeed permitted. In *Glick v. White Motor Co.,* 458 F.2d 1287, 1294 (3d Cir. 1972), this court observed:

> The [district] court held that, since the Michigan pre-judgment interest statute requires the allowance of interest from the date of filing suit as a matter of right, the omission of pre-judgment interest was a "clerical mistake" which could be corrected by motion under Rule 60(a). We agree.

*Accord Gilroy v. Erie-Lackawanna R.R. Co.,* 44 F.R.D. 3, 4 (S.D.N.Y.1968); 11 Wright & Miller, Federal Practice and Procedure § 2817, at 110–11 (1973). The *Glick* case is controlling, for there is no relevant distinction between the Michigan statute and the Pennsylvania rule.

Scott relies on several contrary district court cases holding that Rule 59(e) rather than Rule 60(a) governs a motion to correct the omission of Rule 238 delay damages from a judgment. *See Maier v. Patterson,* 91 F.R.D. 127 (E.D.Pa.1981); *Renner v. Lichtenwalner,* 513 F.Supp. 271 (E.D.Pa.1981); *Osborne v. Baker,* 528 F.Supp. 387, 389 n.2 (W.D.Pa.1981); *Larsen v. International Business Machines Corp.,* 87 F.R.D. 602, 604–05 (E.D.Pa.1980). The district court properly declined to follow those holdings. Because they are inconsistent with *Glick v. White Motor Co.,* that ruling was correct.

The judgment appealed from will be affirmed.