**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60949
Summary Calendar

_____

MARITRANS OPERATING PARTNERS, LP,

Plaintiff-Appellant,

versus

PORT OF PASCAGOULA, Etc.; ET AL.,

Defendants,

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 1:99-CV-577-BrR)

_____

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Maritrans initiated this action against the government under the Suits in Admiralty

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Act and the Oil Pollution Act after its barge Ocean 211 went aground in the Port of Pascagoula on May 29, 1998.  Maritrans appeals the district court's finding on lost profits and the court's amending of its judgment five months after it was entered.  We uphold the latter action, but we vacate and remand for further proceedings on lost profits.

1.     The shipowner is entitled to recover lost profits upon a showing that its "vessel was active in a market ready for its services."  See In re M/V Nicole Trahan, 10 F.3d 1190, 1195 (5th Cir. 1994).  Charles Gordon, Maritran's manager of chartering, testified that Maritrans participated "very heavily" in the Gulf of Mexico charter market and that Ocean 211 was active in that market.  Barge utilization reports showed that Ocean 211 was idle for lack of work for only 6.45 days during calendar year 1998.  In May and June of that year there were no days in which Ocean 211 was idle for lack of work.  Maritrans had no idle tugs or other barges available during the period in which the Ocean 211 was out of service.  In fact, demand was so great that Maritrans leased a barge from one of its competitors.

Uncontroverted proof that the shipowner's vessel operated in an active market is sufficient to establish lost profits.  See Delta Steamship Lines, Inc. v. Avodale Shipyards, Inc., 747 F.2d 995, 1001 (5th Cir. 1984); Skou v. United States, 526 F.2d 293, 298 (5th Cir. 1976) (Skou II).  The shipowner is not required to prove that it lost particular charters because its vessel was out of service.  See Skou v. United States, 478 F.2d 343, 346 (5th Cir. 1973) (Skou I); Delta Steamship, 747 F.2d at 1001; M/V Nicole Trahan, 10 F.3d at 1195.  The uncontroverted evidence established that there was a steady, uninterrupted

demand for <u>Ocean 211</u> and the rest of Maritran's fleet both before and after the grounding. Maritrans therefore proved lost profits. <u>See</u> <u>Skou II</u>, 526 F.2d at 298 ("Most clear . . . is the proof that [the vessel] was in immediate demand, as were her sister ships, upon her return to service. This demonstrates 'that profits may be reasonably supposed to have been lost because the vessel was active in a ready market.'") (quoting <u>Skou I</u>, 478 F.2d at 344). The district court's contrary finding is clearly erroneous.

At trial, Maritrans and the government offered competing estimates of the amount of lost profits. Because the district court concluded that Maritrans was not entitled to lost profits, it did not reach this question. We leave the issue of the amount of lost profits to the district court on remand.

2.     The district court may correct its judgment to comply with a statutory prescription for prejudgment interest at any time under Fed. R. Civ. P. 60(a). <u>See, e.g.</u>, <u>Aubin v. Fudala</u>, 782 F.2d 287, 289-90 (1st Cir. 1986) (Breyer, J.); <u>Hayden v. Scott Aviation, Inc</u>., 684 F.2d 270, 271-72 (3d Cir. 1982). The district court in this case properly amended its judgment to comply with the Suits in Admiralty Act, which categorically limits prejudgment interest against the United States: "no interest shall be allowed on any claim prior to the time when suit on such claim is brought . . . ." 46 U.S.C. app. § 745 (1975).

VACATED and REMANDED.