**WENDY'S INTERNATIONAL, INC. and Continental Casualty Insurance Company a/s/o Wendy's International, Inc., Plaintiffs,**

v.

**NU–CAPE CONSTRUCTION, INC. a/k/a Nu–Cape Construction of S.W. Florida, Inc., Defendant.**

**No. 93–162–CIV–FTM–17D.**

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 14, 1996.

---

Michael Joseph Corso, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, William B. Lehy, Thompson, Hine & Flory, Cleveland, OH, for Hobart Corporation.

George Gordon Harrison, Pavese, Garner, Haverfield, Dalton, Harrison & Jensen, Ft. Myers, FL, for E.G.O. Products, Inc.

Curtright C. Truitt, Tew & Truitt, P.A., Ft. Myers, FL, Robert Barry Burandt, Aloia, Dudley, Roosa, Sutton & McIver, Cape Coral, FL, for Nu–Cape Construction, Inc.

## ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 59 AND MOTION FOR RELIEF UNDER RULE 60

KOVACHEVICH, Chief Judge.

This cause of action is before the Court on the Defendant's motion to alter or amend or, in the alternative, for relief from this Court's order entered on April 14, 1996, denying defendant's request for costs and attorney fees and granting plaintiff's motion for Rule 11 sanctions (Docket No. 93), and the plaintiff's response thereto (Docket No. 95).

### BACKGROUND

This cause of action originated out of a fire which damaged a Wendy's International, Inc. (Wendy's) owned restaurant in Cape Coral, Florida (hereinafter "the restaurant"). On June 17, 1993, Wendy's filed a complaint against Hobart Corporation (Hobart), the manufacturer of the instrumentality which allegedly caused Wendy's damages. (Docket No. 1). After learning through discovery that Nu–Cape Construction, Inc. (Nu–Cape) was the general contractor for the construction of the restaurant, Wendy's filed an amended complaint naming Nu–Cape as an additional party defendant. (Docket No. 20)

In the first amended complaint, Wendy's alleged that Nu–Cape, as the general contractor, was responsible for the restaurant's construction through either its employees, agents, subcontractors, or servants. Wendy's alleged that Nu–Cape was negligent, through acts, errors, or omission, in overseeing the construction. Furthermore, Wendy's

Thomas David Higgins, Jr., Cozen & O'Connor, Philadelphia, PA, Richard M. Marchewka, Leasure, Gargano & Marchewka, P.A., Fort Myers, FL, for Wendy's International, Inc., and Continental Casualty Insurance Company.

alleged that Nu–Cape breached its construction contract with Wendy's.

Wendy's settled its claim against Hobart and another co-defendant, and as a condition to settlement, Wendy's dismissed its claims against all remaining defendants. Nu–Cape refused to stipulate to voluntary dismissal and Wendy's was therefore required to file a motion with the Court to dismiss. The Court entered an order granting voluntary dismissal on September 26, 1995. (Docket No. 77)

Nu–Cape subsequently filed a motion for attorney fees pursuant to Federal Rule of Civil Procedure 41(a). (Docket No. 78). Thereafter, Wendy's filed a motion for sanctions under Federal Rule of Civil Procedure 11, alleging that Nu–Cape's motion for costs and attorney fees was improper and frivolous. (Docket No. 82). This Court entered an order on March 14, 1996, denying Nu–Cape's motion for costs and fees and granting Wendy's request for Rule 11 sanctions against Nu–Cape's attorney, Robert Burandt (hereinafter "Burandt"), only as to the reasonable attorney fees and costs incurred in responding to Nu–Cape's motion for costs and attorney fees and in filing its motion for sanctions. (Docket No. 85). The parties were ordered to attempt to reach a stipulation as to reasonable costs and fees, and if no agreement could be reached, Wendy's would be allowed thirty (30) days to submit proper documentation.

On April 5, 1996, Nu–Cape filed a motion to alter or amend judgment which this Court denied on April 15 for failure to comply with local rules. (Docket No. 86). On April 12, Nu–Cape filed a motion for extension of time to comply with the Court's March 14th order regarding the stipulation of attorney fees and costs. (Docket No. 89). On April 17, 1996, this Court granted a thirty (30) day extension to submit documentation in support of costs and fees. (Docket No. 91).

On May 23, the parties filed a joint stipulation as to attorney fees and costs, which stated that Burandt's right to appeal would not be prejudiced, and that stipulation was accepted by this Court on May 31, 1996. (Docket No. 92). On June 5, 1996, Nu–Cape filed a second motion to alter or amend the Court's March 14th order pursuant to Rule 59(e), or, in the alternative, for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which is the motion underlying this order. (Docket No. 93).

## DISCUSSION

The Federal Rules of Civil Procedure allow a litigant, subject to an adverse judgment, to file either a motion to alter or amend under Rule 59(e) or a motion seeking relief from judgment under Rule 60(b). Rule 59(e) and Rule 60(b) "are distinct; they serve different purposes and produce different consequences." *Van Skiver v. United States,* 952 F.2d 1241 (10th Cir.1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Whether a motion challenging a judgment on the merits should be considered as a motion to alter or amend, or as a motion for relief from judgment turns upon the time at which the motion is served. If it is served within ten (10) days of rendition of the judgment, the motion should be considered as one to alter or amend, and if it is served after that time, it should be considered a motion for relief from judgment. *Mounkes v. Conklin,* 922 F.Supp. 1501 (D.Kan.1996); *Hindin/Owen/Engelke, Inc. v. GRM Industries, Inc.,* 869 F.Supp. 539 (N.D.Ill.1994).

### Standard of Review for Motion to Alter or Amend Pursuant to Rule 59(e)

The decision of whether to grant or deny a Rule 59(e) motion is discretionary. *Matter of Prince,* 85 F.3d 314 (7th Cir.1996). The Court may properly reconsider its grant of sanctions and denial of attorney fees and costs upon the timely filing of a motion to alter or amend by one of the parties. Federal Rule of Civil Procedure 59(e) (hereinafter "Rule 59(e)"). A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal–Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla.1993). This Court has recognized three (3) grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994); *see also Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986). However, this Court recognizes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. *Pennsylvania Ins. Guar. Ass'n v. Trabosh,* 812 F.Supp. 522 (E.D.Pa.1992). Nu–Cape relies on the need to correct clear error and manifest injustice to justify reconsideration of this Court's previous order.

## Untimely Filing

 Nu–Cape seeks relief under Rule 59(e); however, such motion is precluded due to untimely filing. A motion to alter or amend a judgment must be served "not later than 10 days after entry of the judgment." Rule 59(e). Time periods for filing motions for amendment to or relief from judgment are mandatory and jurisdictional. *Wright v. Preferred Research, Inc.,* 891 F.2d 886 (11th Cir.1990); *Scutieri v. Estate of Revitz,* 829 F.Supp. 387 (S.D.Fla.1993). The ten-day limit may not be altered, waived, or amended by the court. *McCarthy v. Manson,* 554 F.Supp. 1275 (D.C.Conn.1982) *aff'd* 714 F.2d 234 (2d Cir.1983). Failure to comply with the filing deadline specifically governed by Rule 59(e) renders the motion untimely and compels denial of the motion. *Cole v. Altieri,* 534 F.Supp. 165 (E.D.Pa.1981). The primary issue, then, is when was "judgment" entered by which the ten day tolling period would begin.

Nu–Cape appears to argue that a judgment was not final until the issue as to the amount of costs and attorney fees due the plaintiff's attorney had been resolved. However, the order which Nu–Cape seeks to alter is this Court's March 14, 1996 order denying attorney fees and awarding sanctions. Nu–Cape is not challenging the hours spent by Wendy's council nor the hourly fee.

 Resolution of this dispute turns upon whether the order entered on March 14, 1996, awarding sanctions in the form of costs and attorney fees to the plaintiff, was a final and enforceable judgment, or whether the order became a judgment within the ambit of Rule 59(e) upon the resolution of the fee issue. Federal Rule of Civil Procedure 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." Entry of a judgment is final for purposes of appeal even if it leaves the amount of attorney fees to be awarded unresolved. *U.S. for Use and Benefit of Familian Northwest, Inc. v. RG & B Contractors, Inc.,* 21 F.3d 952 (9th Cir. 1994) (holding that a decision on the merits was a final decision when the recoverability or amount of attorney fees for the litigation remained to be determined, regardless of whether such fees were sought under statute, case law, or contract); *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988). In addition, an appeal taken from an order as opposed to a judgment, awarding attorney fees is sufficient to grant the appellate court jurisdiction over the challenge to the attorney fee award. *Intel Corp. v. Terabyte Inter., Inc.,* 6 F.3d 614, 617 (9th Cir.1993). Finally, determination of the merits and the issue of the amount of attorney fees are deemed collateral to one another. *Dave Kohel Agency, Inc. v. Redshaw, Inc.,* 149 F.R.D. 171 (E.D.Wis. 1993). For these reasons, the award became final when the order was issued granting the fees, even though the amount had not been determined. Therefore, Nu–Cape had ten (10) days from service of the March 14th order to gain relief under Rule 59(e), and the failure to do so renders the motion untimely and precludes review by this Court.

 A litigant could escape the strict deadline of Rule 59(e) under the "unique circumstances" doctrine for purposes of granting an appeal; however, the Supreme Court has articulated a strict construction, limiting its application to situations "where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 993, 103 L.Ed.2d 146 (1989) (finding that the district court, while considering the plaintiff's motion for reconsideration on the merits, had affirmatively assured the plaintiffs that the

motion was timely under Rule 59(e) and effective to toll the appeal period). This doctrine has never been applied to allow the trial court to extend the filing deadline, and in fact, courts are forbidden to do so. *See McCarthy* at 1275 (holding that courts may not alter, waive or amend the filing deadline). However, even if trial courts could extend the deadline under this doctrine, Nu–Cape's situation does not meet the requirement of relying on representations by the court. As such, this doctrine is inapplicable to this case.

### 59(e) Analysis

■■■■■ Assuming that the motion to alter or amend had been timely filed under Rule 59(e), this Court would deny such motion. A court may grant a motion to alter or amend judgment if the moving party presents newly discovered evidence that was not available earlier or if the movant points to evidence in the record that clearly establishes manifest error of law or fact. *Matter of Prince*, 85 F.3d 314 (7th Cir.1996). A motion to alter or amend must rely on an intervening change in the controlling law; availability of new evidence not available previously; or the need to prevent clear error of law or prevent manifest injustice. *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F.Supp. 1333 (D.Del.1994). However, it cannot be considered a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision. *In re Williams*, 188 B.R. 721 (Bkrtcy.D.R.I.1995). Such a motion is appropriate, however, when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension. *Gregg v. American Quasar Petroleum Co.*, 840 F.Supp. 1394 (D.Colo.1991).

Nu–Cape's motion to alter or amend challenges the Court's judgment in its interpretation and application of the law to the facts of this case. Nu–Cape argues that the Court was incorrect in its determination that attorney fees were not available to Nu–Cape under Florida Statutes 57.105. Nu–Cape appears to interpret the Court's denial of attorney fees to mean that fees and costs are never available under F.S. 57.105; however, this was not the Court's holding.

■■■ The Court stated in its prior order that Nu–Cape must be a prevailing party and Wendy's complaint must fail to raise any justiciable issues of either law or fact before Nu–Cape would be entitled to attorney fees under Rule 57.105. The Court went on to hold that, in order to be a prevailing party, the party must succeed on any significant issue in litigation or, in the least, receive at least some relief on the merits of its claim before being considered a prevailing party. This Court did not hold that a party who was voluntarily dismissed could never be a prevailing party. Contrarily, this Court recognizes that voluntary dismissal does not automatically bar an award of attorney fees, but **only when there are no justiciable issues of law or fact.** *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir.1983), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984). Accordingly, the prior order was not determined solely on the fact that the Nu–Cape was voluntarily dismissed. Rather, the Court found that Nu–Cape was not a prevailing party, and it was not reasonable for Nu–Cape to presume such. In addition, there were clearly justiciable issues, and it was not reasonable for Nu–Cape to submit that no such issues existed. Therefore, Nu–Cape's act of filing the motion for attorney fees was frivolous and improper and Rule 11 sanctions were appropriate. As such, there has not been any mistake which would justify amendment or alteration of the prior order. (The Court's March 14th order will be examined in more detail later in this order.)

For the above mentioned reasons, Nu–Cape's motion to alter or amend under Rule 59(e) is denied. In addition to untimely filing, Nu–Cape failed to meet the standards by which to grant such motion.

### Standard of Review for Motion for Relief Pursuant to Rule 60(b)

■■■ A motion for Relief under Rule 60(b) must be shaped to the specific grounds for modification or reversal enumerated in the Rule, and it may not be a mere general plea

for relief. *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir.1992). Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

### Rule 60(b) Analysis

█ The defendant's motion fails to meet any of the exceptional circumstances warranting relief under Rule 60(b); rather it reiterates the issues raised in Nu–Cape's original motion for attorney fees and seeks to challenge the legal correctness of the Court's judgment. It does this by arguing that the Court misapplied the law or misunderstood their position; however, this argument does not justify relief pursuant to Rule 60(b). This argument should be brought under Rule 59(e), within the ten (10) day time constraints mandated by that Rule, or in a direct appeal. *See Smith v. Evans,* 853 F.2d 155, 159 (3d Cir.1988); *U.S. v. 31.63 Acres of Land,* 840 F.2d 760, 761–62 (10th Cir.1988) (arguing that the denial of attorney fees based on a misapplication of the requirements of the Equal Access to Justice Act does not provide a basis for relief under Rule 60(b)); *Swam v. U.S.,* 327 F.2d 431, 433 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964).

█ The defendant argues that he conducted a reasonable inquiry before filing the motion for attorney fees, and in doing so, he appears to suggest that the request was properly within F.S. 57.041 and 57.105 (relying on *Bay Financial Savings Bank v. Hook,* 648 So.2d 305 (Fla. 2d DCA 1995), and *Tampa Letter Carriers, Inc.,* 649 So.2d 890 (Fla. 2d DCA 1995)). This argument could conceivably be read to allege a mistake of law, and some courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired, *Morris v. Adams–Millis Corp.,* 758 F.2d 1352, 1358 (10th Cir.1985). However, such relief is available only for obvious errors of law and limited to "perfunctory correction." *Alvestad v. Monsanto Co.,* 671 F.2d 908, 912–13 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). In this case, there was no facially obvious errors of law as required for a 60(b)(1) motion.

█ Nu–Cape specifically requests relief under Rule 60(b)(6); however, courts have described this Rule as a "grand reservoir of equitable power to do justice in a particular case." *Radack v. Norwegian Am. Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963). Relief under Rule 60(b)(6) requires extraordinary circumstances. *See Pierce v. Cook & Co.,* 518 F.2d 720, 723 (10th Cir.1975), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976) (granting relief under 60(b)(6) when there had been a post-judgment change in the law which arose out of the same accident as that in which the plaintiffs were injured).

This case does not articulate any extraordinary circumstances which would invoke 60(b)(6) or any of the other enumerated basis for relief. In fact, as mentioned before, the sole substance of the motion is to question the Court's correctness of application of law to the facts. As such, this Court denies the motion for relief under Rule 60(b).

### NO ERROR IN THE COURT'S PRIOR ORDER

Even if this Court were to reconsider its prior order, it finds no mistake or other reason which would justify altering or granting relief from such order. The order was not erroneous and Nu–Cape has failed to

present any reason which would justify changing the order.

### Inadequacy of Nu–Cape's Motion for Fees and Costs

The case filed by Wendy's against Nu–Cape did not go to trial because it was settled. As a condition to settlement, Wendy's agreed to dismiss all remaining defendants, including Nu–Cape; however, because Nu–Cape refused to stipulate to dismissal, Wendy's was forced to file a motion to dismiss. Nu–Cape's subsequent request for attorney fees failed to cite any relevant authority to support its entitlement to fees other than merely to cite the rule and statute under which the fees were sought, (Rule 54, F.S. 57.041, and 57.105). Nu–Cape did not offer any reasoning as to how the rule or statutes applied to this case nor how Nu–Cape qualified for the statutory relief. Nu–Cape neither set forth the statutory requisites nor addressed how these were met in this instance. The Court notes that Nu–Cape did cite to *Capital Factors, Inc. v. Heller Financial, Inc.*, 712 F.Supp. 908 (S.D.Fla.1989); however, this case does nothing more than substantiate the statutory authority to award fees when the statutory requirements are met. It does so by awarding fees under the statute but without analysis. As such, it does nothing to support Nu–Cape's argument that it is entitled to costs and fees.

Only after sanctions have been imposed does the defendant bring forth any case law which appears to support its position; however, these cases are obviously distinguishable. If Nu–Cape had indeed relied so heavily on these cases, they should have argued them in their motion for attorney fees (had they investigated the law and discovered them prior to filing their motion). However, even if Nu–Cape had argued these cases, this Court finds that Nu–Cape should have realized and known that the requested fees were not recoverable in this case at bar.

The Court is not inclined to accept that Nu–Cape's newly cited cases support its position; however, had Nu–Cape cited these in its original motion for attorney fees, the Court would have considered Nu–Cape's possible misreading or misunderstanding of the cases in its decision to impose sanctions. That is not to say, however, that the Court would not have reached the same conclusion, but as these cases were not raised by Nu–Cape in its original motion for costs and fees, it is not an issue and the Court's order entered March 14, 1996 stands.

### Review of Denial of Fees and Award of Sanctions

Rule 11 sanctions are available when a motion, pleading, or other paper reflected what could not reasonably have been believed by the signer at the time of the signing. *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir.1993). Nu–Cape moved for attorney fees under Rule 54, F.S. 57.041, and F.S. 57.105 which this court denied. The only challenge raised by Nu–Cape in its present motion is the Court's denial under F.S. 57.105 and award of sanctions.

#### Nu–Cape was not a Prevailing Party

As discussed earlier, in order to receive attorney fees and costs under F.S. 57.105, two criterion must be met. First, the party must demonstrate to the court that he or she is a prevailing party (or rather that he or she succeeded on some significant issue in the litigation or was granted relief on the merits of the claim), and second, there must be a complete lack of justiciable issue of fact or law. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Nu–Cape made no effort to demonstrate that it was a prevailing party. In fact, it failed entirely to address the fact that it was voluntarily dismissed. Although the dismissal in and of itself did not automatically bar the claim, Nu–Cape still had to argue, in some way, that it was a prevailing party. However, this Court, of its own examination, finds that Nu–Cape was not a prevailing party. The case against Nu–Cape was settled, and that settlement did not alter or legally decide the allegations in the original complaint (for instance, there was no stipulation that Nu–Cape was not or had never been liable under the contract for any damages to the restaurant). As such, Nu–Cape was not granted any relief on the merits.

### Justiciable Issues

 Dismissal of a case would not justify an attorney fee award if the suit was non-frivolous at its inception. *Lambert v. Nelson*, 573 So.2d 54 (Fla. 1st DCA 1990). Frivolousness is measured when the claim or defense is initially presented, and thus not every litigant who voluntarily dismisses a case is subject to attorney fees. *Carnival Leisure Industries, Ltd. v. Holzman*, 660 So.2d 410 (Fla. 4th DCA 1995). Wendy's alleged contractual liability against Nu–Cape, and it filed documentation with the Court during discovery that supported this position.

 As the Plaintiff pointed out in its answer to Nu–Cape's Motion for Costs and Attorney Fees, Wendy's sued Nu–Cape in both tort and contract. Under the contract, construction agreement, and site plans, a trier of law or fact could have found that Nu–Cape did, in fact, assume liability for the construction of the restaurant as General Contractor. The mere fact that Nu–Cape disagrees does not automatically negate Wendy's contentions.

The Site Plan defined contractor to be "the person, firm or corporation, identified as such in the Agreement, responsible for the execution of the work contracted for by Wendy's," and that the contractor would be fully responsible for the "acts and omissions of a subcontractor." As the term subcontractor was defined by the construction plan to be "any person working directly or indirectly for the Contractor," the trier of law or fact could have found that a reasonable interpretation imposed liability on the contractor. The fact that Nu–Cape presents evidence to the contrary does not, in and of itself, decide the issues. A genuine issue as to contract interpretation existed in this case as is demonstrated by the disputed evidence.

### Nu–Cape's Unreasonable Expectations of Entitlement to Attorney Fees and Costs

 Wendy's complaint alleged contractual liability and the evidence supported such a position. The settlement executed by Wendy's did not, in any way, negate these issues. Additionally, this Court refuses to merit any inference that a voluntary dismiss-

al alone either made Nu–Cape a prevailing party or negated the justiciable issues. As such, and for all the reasons mentioned above, it was unreasonable for Nu–Cape to assume that dismissal automatically qualified them for attorney fees and costs. Nu–Cape appears to ignore that cases involving genuine justiciable issues settle with regularity and are, in fact, encouraged to do so. To punish a party for settling a case (in which genuine justiciable issues existed) would contradict judicial and public policy. This Court notes, once again, that Nu–Cape only presented evidence in its original motion for costs and fees which contradicted Wendy's evidence, but did not negate it. This only served to evidence the existence of genuine justiciable issues.

### The Newly Cited Cases do not Sway this Court

In Nu–Cape's request for relief or, alternatively to alter or amend, Nu–Cape cites *Bay Financial Savings Bank, F.S.B. v. Hook*, 648 So.2d 305 (Fla.2d Dist.Ct.App.1995). In this case, Hook voluntarily dismissed a lawsuit against Bay Financial Savings Bank and the Second District granted attorney fees to Bay Financial; however, this case was dismissed on grounds of *res judicata*. Hook had attempted to relitigate issues that had been decided adversely to Hook. *Id.* at 301. Bay Financial was obviously a prevailing party, and this had already been determined through a prior court decision. This case is distinguishable due to the prior court ruling, and this Court declines any invitation to extend the ruling set forth in *Bay Financial*.

The second case relied upon by Nu–Cape is *Tampa Letter Carriers, Inc. v. Mack*, 649 So.2d 890 (Fla.2d Dist.Ct.App.1995). This case does nothing more than state the rule that voluntary dismissal does not automatically eliminate a claim to attorney fees as discussed earlier by this Court. The court in *Tampa Letter Carriers* remanded the case to determine whether attorney fees were available in that case. As such, the case adds nothing to the argument that Nu–Cape seeks to advance.

These cases do not alter the Court's opinion in any way as they neither present nor

demonstrate clear error by the Court. As discussed earlier, Nu–Cape should have known that it had no chance, whatsoever, to recover fees. Therefore, sanctions were appropriate in this case.

### CONCLUSION

For all the reasons mentioned above, this Court denies Nu–Cape's motion to alter or amend under Rule 59(e) and request for relief under Rule 60(b). In so finding, the Court notes that the motion pursuant to Rule 59(e) was not timely filed and Nu–Cape failed to meet any of the requirements to grant the requested discretionary relief under either 59(e) or 60(b). Finally, this Court notes that even if it had allowed such reconsideration of its prior order, the Court finds no error which would justify altering, amending, or granting relief from the judgment. Accordingly, it is

**ORDERED** that Nu–Cape's motion to alter or amend judgment under Rule 59(e) be **DENIED;** and Nu–Cape's motion in the alternative for relief from judgment under Rule 60(b) be **DENIED.**

**DONE and ORDERED.**