James N. STRAWSER, et al., Plaintiffs,

v.

Luther STRANGE, in his official capacity as Attorney General for the State of Alabama, et al., Defendants.

Civil Action No. 14–0424–CG–C.

United States District Court,
S.D. Alabama,
Southern Division.

Signed April 23, 2015.

Order Denying Reconsideration
May 21, 2015.

Christopher F. Stoll, San Francisco, CA, Heather Rene Fann, Boyd, Fernambucq, Dunn & Fann, P.C., Birmingham, AL, Randall C. Marshall, ACLU of Alabama Foundation, Inc., David Dinielli, Scott D. McCoy, Montgomery, AL, Shannon P. Minter, Ayesha Khan, Zachary Alan Dietert, Washington, DC, for Plaintiffs.

James W. Davis, Office of the Attorney General, Laura Elizabeth Howell, Andrew L. Brasher, Montgomery, AL, Joseph Michael Druhan, Jr., Johnston Druhan, LLP, Harry V. Satterwhite, Satterwhite & Tyler, LLC, Lee L. Hale, Hale And Hughes, Mobile, AL, Mark S. Boardman, Boardman, Carr, Bennett, Watkins, Hill & Gamble, P.C., Clay Richard Carr, Boardman, Carr & Hutcheson, P.C., Teresa Bearden Petelos, Chelsea, AL, for Defendants.

## *ORDER*

CALLIE V.S. GRANADE, District Judge.

This matter is before the court on the motions of Defendant Don Davis and Defendant Tim Russell to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Docs. 103, 108), and Plaintiffs' opposition (Docs.1 06, 110). For the reasons explained below, the court finds that the motions to dismiss are due to be denied.

### I. Dismissal Standard

 The Defendants move for a dismissal of the Plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss pursuant to Rule 12(b)(1) chal-

lenges subject-matter jurisdiction and should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When the attack is a facial, as opposed to factual, challenge on the court's jurisdiction, the court treats the complaint's allegations as true, as it does under a 12(b)(6) motion. *Carmichael v. Kellogg, Brown & Root Svcs., Inc.*, 572 F.3d 1271, 1279 (11th Cir.2009). A "facial attack" "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (citation omitted). "Factual attacks on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citation and internal quotations omitted). With regard to any challenge as to Plaintiffs' standing to request relief, standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir.1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir.2014). Because the burden of proof on a motion to dismiss for lack of subject-matter jurisdiction is on the party asserting jurisdiction, the plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)).

▆▆▆▆ A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the claims set out in the plaintiff's pleadings. *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir.1996). Thus, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir.1986) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). When ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1380 (11th Cir.2010). To survive such a motion, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Speaker*, 623 F.3d at 1380 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

## II. Discussion

Defendant Judges Davis and Russell move to dismiss on several bases: (1) lack of subject matter jurisdiction, (2) lack of standing, (3) judicial immunity, (4) qualified immunity, (5) Eleventh Amendment immunity, (6) mootness, (7) the broad scope and lack of specificity in the relief sought and (8) the Alabama Supreme Court's adjudication and the Anti–Injunction Act.

### A. Subject Matter Jurisdiction

Defendant Judge Davis argues that there is no federal question presented because Plaintiffs' claims are indistinguish-

able from those asserted in *Baker v. Nelson,* 409 U.S. 810, 93 S.Ct. 37, 34 L.Ed.2d 65 (1972). As Judge Davis is undoubtedly aware, this Court discussed the application of *Baker v. Nelson* to such claims in *Searcy v. Strange,* 81 F.Supp.3d 1285, 1287–89, 2015 WL 328728, *2–3 (S.D.Ala.2015). In that decision this Court concluded that Baker does not preclude consideration of the constitutionality of a state's ban on same-sex marriage. *Id.* at 1288–89, 2015 WL 328728 at *3. Defendant's arguments do not persuade this court that the result here should be different.

**B. Standing**

■ Both Judge Davis and Judge Russell argue that the Plaintiffs lack standing because they cannot show an injury in fact caused by Defendant Judges Davis or Russell and that their alleged injuries are not redressable by Judge Davis or Judge Russell. However, Plaintiffs have clearly alleged that they have suffered a sufficient injury in fact. This Court previously found, with regard to their claims against Judge Davis, that Plaintiffs have suffered irreparable harm as a result of Alabama's marriage laws prohibiting same-sex marriage and that the harm may be remedied by declaratory and injunctive relief. (Doc. 55). Judge Davis argues that he is not issuing marriage licenses to anyone now, same-sex or opposite-sex. However, Plaintiffs do not seek an order compelling Judge Davis to issue them marriage licenses. They seek an order preventing probate judges from denying them licenses on the basis that it is prohibited because they are a same-sex couple. As long as Judge Davis chooses not to issue any marriage licenses to anyone, he is not violating this court's preliminary injunction entered against him. The fact that Davis has reportedly complied with the injunction order does not invalidate Plaintiffs' claims. Plaintiffs have continued standing to ensure compliance with the injunction. *See*

*Salazar v. Buono,* 559 U.S. 700, 130 S.Ct. 1803, 176 L.Ed.2d 634 (2010).

■ Judge Russell asserts that it is questionable whether it is sufficient that the named Plaintiffs were merely told over the telephone that he would not issue marriage licenses to them. However, the Court finds that this distinction does not result in a lack of standing. The named Plaintiffs and the putative class members cannot obtain a marriage license from Judge Russell's office because they wish to marry a person of the same-sex. Whether they were informed of this fact over the phone or in person makes no difference.

■ Defendants argue that they have no authority to order or enforce the recognition of marriages for all purposes under Alabama law nor to afford the plaintiffs the myriad benefits of marriage they seek. While it is true that Defendant Judges Davis and Russell cannot provide complete relief to the Plaintiffs, they can partially redress Plaintiffs' injuries. Plaintiffs seek to both marry and have those marriages recognized. Obviously they cannot have their marriages recognized until they actually marry. Allowing Plaintiffs to obtain a marriage license redresses their injury in part, "and that is enough for standing purposes." *I.L. v. Alabama,* 739 F.3d 1273, 1282 (11th Cir.2014) (citing *Made in the USA Foundation v. United States,* 242 F.3d 1300, 1310–11 (11th Cir.2001)).

**C. Judicial Immunity**

■ Defendants assert that they are entitled to judicial immunity under 42 U.S.C. § 1983. Section 1983 provides the following:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the Unit-

ed States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . .

Section 1983 "contains a significant caveat—the 'acts or omissions' at issue must be ones taken in the 'officer's judicial capacity.' " *Marie v. Moser*, 65 F.Supp.3d 1175, 1192 (D.Kan.2014) (citing *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir.2002); *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); and 42 U.S.C. § 1983). Where the acts in question were ministerial, rather than judicial, there is no judicial immunity. *See Id.* The issuance of marriage licenses is a purely ministerial act. *See Ex parte State ex rel. Alabama Policy Institute*, —— So.3d ——, ——, ——, 2015 WL 892752, *4, 8 (Ala., March 3, 2015) (discussing and referring to the probate judges' "ministerial act of licensing marriages"). Neither Davis nor Russell is charged with discretion or judgment in carrying out this ministerial duty. Accordingly, the court finds Defendants are not entitled to judicial immunity.

### D. Qualified Immunity

■ "Qualified immunity insulates government actors, in their individual capacities, from civil lawsuits as long as the challenged discretionary conduct does not violate clearly established federal statutory or constitutional rights." *Adams v. Poag*, 61 F.3d 1537, 1542 (11th Cir.1995). "[Q]ualified immunity is only a defense to personal liability for monetary awards." *Ratliff v. DeKalb County*, 62 F.3d 338, 340 n. 4 (11th Cir.1995) (citations omitted). It

therefore "may not be effectively asserted as a defense to a claim for declaratory or injunctive relief," *D'Aguanno v. Gallagher*, 50 F.3d 877, 879 (11th Cir.1995), or in defense of an official-capacity claim. *Bruce v. Beary*, 498 F.3d 1232, 1249 n. 33 (11th Cir.2007). In the instant action, Defendant Judgess Davis and Russell are sued only in their official capacity and monetary damages are not sought. Thus, qualified immunity does not apply.

### E. Eleventh Amendment immunity

■ Eleventh Amendment Immunity only protects state officers from monetary damages claimed against them and does not bar claims for "prospective injunctive relief in order to end a continuing violation of federal law." *Tindol v. Alabama Dept. of Revenue*, 2015 WL 350623, *10 (M.D.Ala. Jan. 23, 2015) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)); *see also Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) (holding that the Eleventh Amendment does not bar prospective injunctive relief against a state officer (as distinct from the State itself) on the theory that a state official engaged in unconstitutional actions is stripped of his official representative capacity.); *Welch v. Estes*, 2014 WL 7369424, *3 (N.D.Ala. Dec. 29, 2014) ("Although Eleventh Amendment immunity protects state officials from suits for money damages, actions against a state official for prospective injunctive relief are outside the protection offered by the Eleventh Amendment." (citations omitted)). Thus, even if probate judges are "state officials," Eleventh Amendment immunity does not bar the relief sought here.

### F. Mootness

■ Defendant Davis argues that this court has already declared that Alabama's laws that prohibit same-sex marriage are

unconstitutional. However, as stated above, Plaintiffs have continued standing to ensure compliance with the injunction. *See Salazar v. Buono,* 559 U.S. 700, 130 S.Ct. 1803, 176 L.Ed.2d 634 (2010). Moreover, there are now additional named Plaintiffs and class allegations seeking statewide relief against all probate judges. Plaintiffs' claims are not moot.

### G. Nature of Relief

 Judge Davis asserts that Plaintiffs seek an impermissibly vague and overly broad injunction. However, Judge Davis has already been enjoined and has apparently been able to comply with the injunction. Davis argues that he could be subject to sanctions for failing to stop something he is powerless to prevent. However, the claims against Judge Davis and the other probate judges are only asserted against them in their official capacity. As such, any injunction against Judge Davis would apply only to his conduct in carrying out the duties and responsibilities of his office. Judge Davis is not being asked to assert authority or control over anyone or anything that is beyond his authority or control.

### H. The Alabama Supreme Court's Adjudication

 Defendants contend that the Supreme Court of Alabama's ruling in *Ex parte State ex rel. Alabama Policy Institute,* —— So.3d ——, 2015 WL 892752 (Ala., March 3, 2015), is binding upon all state courts in Alabama and precludes this court from assuming jurisdiction over claims by plaintiffs who already are bound by the Alabama Supreme Court's ruling. Plaintiffs were not party to the state-court mandamus proceeding. As such, Plaintiffs are not bound by the conclusions of the Alabama Supreme Court. A mandamus proceeding in a state court against state officials to enforce a challenged statute does not bar injunctive relief in a United States District Court. *Hale v. Bimco Trading,* 306 U.S. 375, 377–378, 59 S.Ct. 526, 527, 83 L.Ed. 771 (1939). Actions attacking the constitutionality of such statutes can be brought by parties who are strangers to the state court action. *Id.* The *Hale* Court held that strangers to a state court proceeding are not barred by the Anti–Injunction Statute, which was a precursor of the Anti–Injunction Act, from challenging the constitutionality of a statute in federal court when the statute is also under litigation in the state courts. Courts since then have agreed. *See e.g. Chezem v. Beverly Enterprises–Texas, Inc.,* 66 F.3d 741, 742 (5th Cir.1995) ("As the Supreme Court has taught, the Anti–Injunction Act has no application herein because Carriage House and its residents were neither parties nor privies of parties to the state court action."); *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1020 (7th Cir.1990) ("Only a party, or, what amounts to the same thing in contemplation of the law, one who is in privity with a party, is barred by the Anti–Injunction Act." Citations omitted); *Munoz v. Imperial County,* 667 F.2d 811 (9th Cir. 1982) (holding that federal plaintiffs were strangers to state-court proceedings and affirming entry of injunction against county officials). Defendants have not shown that any abstention doctrine applies to this case. Moreover, this Court's jurisdiction in this case and this Court's finding that Alabama's marriage sanctity laws are unconstitutional predate the state court mandamus action.

### III. Conclusion

For the reasons stated above, the motions of Defendant Judge Don Davis and Defendant Judge Tim Russell to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Docs. 103, 108), are DENIED.

## ORDER ON RECONSIDERATION

This matter is before the court on the motion of Judge Tim Russell to alter, amend or vacate (Doc. 114), Plaintiffs' response (Doc. 118), and Judge Russell's reply (Doc. 121). For the reasons stated below, Judge Russell's motion is due to be denied.

 Judge Russell moves for reconsideration of the order of April 23, 2015 (Doc. 111). " 'In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly.' " *Garrett v. Stanton,* 2010 WL 320492, *2 (S.D.Ala.2010) (quoting *Gougler v. Sirius Products, Inc.,* 370 F.Supp.2d 1185, 1189 (S.D.Ala.2005); *see also Spellman v. Haley,* 2004 WL 866837, *2 (M.D.Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling")). "A motion to reconsider is not a vehicle 'to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.' " *Id.* (quoting *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 128 S.Ct. 2605, 2617 n. 5, 171 L.Ed.2d 570 (2008)). "It is ... improper to utilize a motion to reconsider to ask a district court to rethink a decision once made, merely because a litigant disagrees" because "[i]magine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request." *Garrett,* 2010 WL 320492 at *2 n. 1.

Because the order denying dismissal is not a final order or judgment, the decision whether to reconsider the order must be analyzed under the stricter provision of 60(b), rather than 59(e). *See* FED.R.CIV.P. 59(e). Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

 Generally, a "motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gipson v. Mattox,* 511 F.Supp.2d 1182, 1185 (S.D.Ala.2007).

 Judge Russell's motion contends that this court failed to address his legal argument that he is entitled to quasi-judicial immunity. Rule 60(b)(1) permits a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1) can be used "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors." *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). "[S]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired." *Wendy's Intern., Inc. v. Nu–Cape Const., Inc.,* 169

 

F.R.D. 680, 687 (M.D.Fla.1996) (citing *Morris v. Adams–Millis Corp.,* 758 F.2d 1352, 1358 (10th Cir.1985)). "However such relief is available only for obvious errors of law and limited to 'perfunctory correction.'" *Id.* (citing *Alvestad v. Monsanto Co.,* 671 F.2d 908, 912–13 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982)); *see also Nisson v. Lundy,* 975 F.2d 802, 806 (11th Cir.1992) ("where a district court's mistake was 'clear on the record' and involved a 'plain misconstruction of the law . . ., compelling policies of basic fairness and equity reflected by 60(b)' may mandate amendment to 'conform its judgment to the law.'" (citations omitted)). In this case, the Court finds that there were not any facially obvious errors of law that require perfunctory correction in the April 23, 2015, order that denied Russell's motion to dismiss.

■ To the extent that Judge Russell contends the Court misconstrued his immunity argument in its order, the Court adds the following. Judge Russell argues that he is entitled to quasi-judicial immunity because he is enforcing the order of the State Supreme Court and cites *Roland v. Phillips,* 19 F.3d 552 (11th Cir.1994), for the contention that officials executing a facially valid court order are protected by absolute quasi-judicial immunity. The *Roland* court stated that "[n]onjudicial officials are encompassed by a judge's absolute immunity when their official duties 'have an integral relationship with the judicial process.'" *Id.* at 555 (quoting *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir.1980)). The *Roland* court found that a county sheriff and deputy sheriffs were protected by quasi-judicial immunity from claims brought against them for complying with a judicial order to reconnect residential water supply. Plaintiffs point out in their response that Plaintiffs are not seeking to hold Judge Russell liable for complying with the Alabama Supreme Court's

decision, but seek only to redress the deprivation of their constitutional rights. While the *Roland* plaintiffs were also attempting to protect their civil rights, this case is distinguishable from *Roland in that* the relief sought by Plaintiffs here does not necessarily require that Judge Russell go against the Alabama Supreme Court's decision. For instance, Judge Davis is reportedly complying with both the injunction entered against him in this case and the orders issued by the Alabama Supreme Court. Under the circumstances here present, the Court finds that quasi-judicial immunity does not apply. Accordingly, Judge Russell's motion to alter, amend or vacate (Doc. 114) is **DENIED.**

**DONE and ORDERED** this 21st day of May, 2015.